IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02491-BNB

RICKY HANEY,

Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 0 2007

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Ricky Haney, is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Haney has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* motion will be granted.

The court must construe the application liberally because Mr. Haney is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Haney will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient because Mr. Haney fails to assert any claims for relief. Mr. Haney does identify one claim that he allegedly raised on direct appeal and in a

postconviction motion in the state courts. However, even assuming Mr. Haney intends to raise that claim in this action, the application still is deficient because Mr. Haney fails to assert specific facts in support of the claim he raised in the state courts to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Haney go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Haney will be ordered to file an amended application in which he identifies the specific claim or claims for relief he is asserting and in which he provides specific facts in support of each asserted claim. Accordingly, it is

ORDERED that the motion seeking leave to proceed *in forma pauperis* filed on November 23, 2006, is granted. It is

FURTHER ORDERED that Mr. Haney file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Haney, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Haney fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

2

DATED December 20, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02491-BNB

Ricky Haney
Prisoner No. 106305
FMCC - Unit E
PO Box 200
Cañon City, CO 81215- 0200

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 12/20/07

GREGORY C. LANGHAM, CLERK

By _____
      Deputy Clerk