IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02491-BNB

RICKY HANEY,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2008

GREGORY C. LANGHAM
                   CLERK

## ORDER OF DISMISSAL

Applicant Ricky Haney is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Haney initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of the sentence he is serving as a result of his conviction in Adams County District Court case number 99CR498. On January 18, 2008, Mr. Haney filed an amended habeas corpus application. In an order filed on April 21, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness pursuant to 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). On May 6, 2008, Respondents filed their Pre-Answer Response. Mr. Haney has not filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Haney liberally because he is not represented by an attorney. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Haney pled guilty to one count of negligent child abuse resulting in death and he was sentenced to twenty-five years in prison. On December 6, 2001, the Colorado Court of Appeals affirmed the sentence and on May 20, 2002, the Colorado Supreme Court denied Mr. Haney's petition for a writ of certiorari on direct appeal. Mr. Haney also has filed four postconviction motions in the trial court. On September 17, 2002, he filed a postconviction motion to reconsider his sentence that was denied on September 20, 2002. On May 9, 2003, he filed a second postconviction motion that was denied on May 27, 2003. Mr. Haney filed his third postconviction motion on November 12, 2003. Respondents are uncertain whether or when the third postconviction motion was resolved. On September 23, 2004, Mr. Haney filed a fourth postconviction motion that was denied on October 19, 2004. Mr. Haney appealed from the denial of the fourth postconviction motion and on May 10, 2007, the Colorado Court of Appeals affirmed the trial court's order. Although Mr. Haney filed motions in the Colorado Supreme Court seeking leave to file a petition for writ of certiorari *in forma pauperis* and for appointment of counsel, he never filed a petition for writ of certiorari. On February 26, 2008, the Colorado Supreme Court dismissed the certiorari proceeding. The Court received the instant action for filing on November 23, 2007.

Mr. Haney asserts four numbered claims for relief in the amended application for a writ of habeas corpus. He first claims that the trial court erred in imposing a prison

2

sentence outside the presumptive range because there were no factors that would justify an aggravated sentence and the trial court failed to make specific findings on the record as required under Colorado law to justify imposing a sentence in the aggravated range. Mr. Haney's first claim for relief will be dismissed because this claim is premised solely on a violation of Colorado state law and not the federal constitution. "[R]elief under 28 U.S.C. § 2254 does not lie for errors of state law." *Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Mr. Haney postures his second claim as an ineffective assistance of counsel claim. He specifically argues that the attorneys who represented him in the trial court and on direct appeal were ineffective by failing to challenge his sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mr. Haney also alleges in his second claim that the trial court violated his Fourteenth Amendment rights by denying his motion for appointment of counsel in connection with a postconviction motion. Mr. Haney's assertion that the trial court violated his Fourteenth Amendment rights by denying a motion for postconviction counsel will be dismissed because there is no federal constitutional right to postconviction review in the state courts or to the assistance of counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987).

Mr. Haney's third claim also includes two distinct parts. He first contends that trial counsel failed to file a motion to recuse the trial judge, who allegedly was biased against Mr. Haney. Mr. Haney alleges in the second part of his third claim for relief that his aggravated-range sentence violates the Sixth Amendment. In support of this argument Mr. Haney cites *Apprendi*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Haney does not raise any new constitutional arguments in his fourth claim for relief. Instead, he merely reasserts arguments raised in the first three claims for relief. Therefore, the fourth claim for relief also will be dismissed.

Respondents first assert that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that the one-year limitation period began to run when the time for Mr. Haney to file a petition for writ of certiorari to the United States Supreme Court on direct appeal expired on August 19, 2002. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Respondents concede that the one-year limitation period was tolled at least while Mr. Haney's first two postconviction motions were pending in state court. Therefore, according to Respondents, the one-year limitation period was tolled from September 17, 2002, through September 20, 2002, while the first postconviction motion was pending, and from May 9, 2003, through May 27, 2003, while the second postconviction motion was pending. Based on these two periods of tolling, Respondents maintain that this action is untimely because there were 426 untolled days prior to Mr. Haney filing his third postconviction motion on November 12, 2003.

Respondents' argument is flawed by their failure to account for the time during which Mr. Haney could have appealed from the denial of his first two postconviction motions. "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the

5

petitioner *could* have sought an appeal under state law." **Gibson v. Klinger**, 232 F.3d 799, 804 (10th Cir. 2000). Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Haney had forty-five days to file a notice of appeal after each of his first two postconviction motions was denied. Therefore, the 426 days calculated by Respondents must be reduced by a total of ninety days and that reduction results in a period of time that does not exceed one year.

Respondents also argue that an additional period of time after Mr. Haney filed his third postconviction motion on November 12, 2003, may be counted against the one-year limitation period if that motion was not properly filed. However, Respondents fail to demonstrate that the November 12, 2003, motion was not properly filed and, as noted above, Respondents are uncertain whether and when that motion was resolved. Therefore, the Court finds that Respondents fail to demonstrate that any additional period of time counts against the one-year limitation period or that this action is untimely.

Respondents next assert that this action should be dismissed because Mr. Haney has failed to exhaust state court remedies for his federal constitutional claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**,

489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Haney failed to exhaust state court remedies for his first ineffective assistance of counsel claim, in which he alleges that the attorneys who represented him in the trial court and on direct appeal were ineffective by failing to challenge his sentence pursuant to *Apprendi*, because he failed to raise this claim on appeal from the denial of his fourth postconviction motion. The Court has reviewed the

documents Respondents submitted with their Pre-Answer Response and agrees that Mr. Haney failed to fairly present this first ineffective assistance of counsel claim to either the Colorado Court of Appeals or the Colorado Supreme Court. Therefore, he failed to exhaust state court remedies for that claim.

Respondents contend that Mr. Haney failed to exhaust state court remedies for his other ineffective assistance of counsel claim, in which he alleges that trial counsel failed to file a motion to recuse the trial judge who allegedly was biased against Mr. Haney, because that claim was not raised either on direct appeal or on appeal from the denial of the fourth postconviction motion. The Court agrees. The appellate court briefs submitted with the Pre-Answer Response demonstrate that this ineffective assistance of counsel claim also was not fairly presented to either the Colorado Court of Appeals or the Colorado Supreme Court. Therefore, this ineffective assistance of counsel claim also is not exhausted.

Respondents contend that Mr. Haney failed to exhaust state court remedies for his final claim, the Sixth Amendment claim based on *Apprendi*, *Blakely*, and *Booker*. Respondents concede that this Sixth Amendment claim was raised in the Colorado Court of Appeals on appeal from the denial of Mr. Haney's fourth postconviction motion. However, Respondents maintain that Mr. Haney did not fairly present the Sixth Amendment claim to the Colorado Supreme Court because he never filed a petition for a writ of certiorari after the Colorado Court of Appeals affirmed the denial of the fourth postconviction motion. The Court agrees and finds that Mr. Haney fails to demonstrate he has exhausted state court remedies for the Sixth Amendment claim by fairly presenting that claim to the Colorado Supreme Court.

Although Mr. Haney has failed to exhaust state court remedies for any of his federal constitutional claims, the Court may not dismiss those claims for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Haney failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VII). Furthermore, it appears that any further efforts by Mr. Haney to raise his federal constitutional claims in state court would be time-barred. Therefore, the claims Mr. Haney failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Haney's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Haney makes no attempt to show either cause and prejudice for his procedural defaults or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. Haney's federal constitutional claims are procedurally barred and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02491-BNB

Ricky Haney
Prisoner No. 106305
FMCC - Unit E
PO Box 200
Cañon City, CO 81215- 0200

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk